UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROWAN COURT SUBDIVISION 2013
LIMITED PARTNERSHIP, ET AL.

VERSUS

THE LOUISIANA HOUSING
CORPORATION, ET AL.

CIVIL ACTION

NO. 15-870-JWD-RLB

RULING AND ORDER

This matter comes before the Court on the Rule 12 Motions to Dismiss and Alternative

Relief (Doc. 19) filed by the Louisiana Housing Corporation, Mayson H. Foster, and Frederick

A. Tombar (collectively, the "State Defendants"). Rowan Court Subdivision 2013 Limited

Partnership ("Rowan") and John Does 1-60 (the "John Doe Plaintiffs") (collectively,

"Plaintiffs") oppose the motion. (Doc. 27.) Oral argument was held on August 9, 2016.

Having carefully considered the law, facts in the record, and arguments of the parties, the

State Defendant's motion is granted in part and denied in part.  The Court dismisses without

prejudice Rowan's claims for the 2014, 2015, and 2016 tax credits.  However, Rowan shall be

granted leave to amend its Complaint to cure the deficiencies detailed in this ruling.  If Rowan

fails to do so within the prescribed time, the above claims shall be dismissed with prejudice. The

Court also denies without prejudice the State Defendants' Motion to Dismiss for Failure to Join a

Party Required under Rule 19.  In all other respects, the States Defendants' motion is denied.

I.      **Relevant Factual Background**

    A.  **Overview**

Plaintiffs bring this suit for declaratory and injunctive relief related to the award of low-

income housing tax credits and other federal funding available under 26 U.S.C. § 42. They

purport to bring this suit under (1) the due process and equal protections clauses of the Fourteenth Amendment; (2) Article 2 Section 1 of the Louisiana Constitution; (3) Louisiana Civil Code Article 1967; and (4) Louisiana Civil Code Articles 2315 and 2316. (Doc. 1 at 1.) In short, the Plaintiffs claim that these tax credits and funds were improperly awarded to two other projects and that, as a result, the Plaintiffs' rights were violated.

Plaintiff Rowan was a company that applied for the tax credits to finance the development of a subdivision. The John Doe Plaintiffs are individuals in Ouachita Parish who were allegedly affected adversely by the allegedly improper award. Specifically:

- John Does 1-34 are "the Ouachita Parish people who would have benefitted from Affordable housing being provided" (Doc. 1 at 2);

- John Does 35-40 are "the Ouachita Parish contractors who would have worked on the construction jobs" (Doc. 1 at 3);

- John Does 41-50 are "the Ouachita Parish local businesses and their owners that did not receive the increase in business from the construction of the affordable housing" (Doc. 1 at 3); and

- John Does 51-60 are "the Ouachita Parish citizens . . . who lost the benefit of the increase in sales and property tax revenue the construction of the affordable housing would have created." (Doc. 1 at 3.)

The State Defendants in this action are the Louisiana Housing Corporation ("LHC"); Mayson H. Foster, the Chairman of the Board of the LHC; and Frederick Tombar, III, Executive Director of the LHC. In short, LHC administers the program on the state level. Defendants Tombar and Foster were high ranking officers in LHC and allegedly ran the program during all times relevant to this suit.

2

The other Defendants in this action are the United States Department of Housing and Urban Development ("HUD") and the United States Department of Treasury ("Treasury") (collectively, the "Federal Defendants"). The Federal Defendants provide the funds to support the federal program. They have filed a separate motion to dismiss.

### B.  The Low Income Housing Tax Credit Program

An overview of the low income housing tax credit program at issue is helpful in understanding the allegations of the Complaint.  The Court will thus briefly turn to the legal framework of the program and then return to the Complaint.

The Louisiana First Circuit Court of Appeal provided such an overview in the recent and related case of *Rowan Court Subdivision 2013 Limited Partnership v. Louisiana Housing Agency*, 2015-1212 (La. App. 1 Cir. 2/24/16); 2016 WL 759121, *writ denied*, 2016-0591 (La. 5/20/16), 191 So. 3d 1067.  There, the First Circuit explained:

> The LHC was established pursuant to La. R.S. 40:600.86, *et seq.* One of the responsibilities of the LHC is to administer Louisiana's portion of the federal Low Income Housing Tax Credit Program, enacted under 26 U.S.C.A. § 42 (the Internal Revenue Code), which promotes the development of affordable and workforce housing by allocating tax credits to developers of affordable housing. The tax credits are awarded to affordable housing developers in accordance with a detailed application process and criteria set forth in a Qualified Action Plan ("QAP"), which is developed each year after a public hearing. After the affordable housing developers submit a proposed project based on the QAP, the LHC scores the developers' projects and ranks the developers/projects according to their scores. The QAP provides a challenge process through which developers are allowed to challenge the initial allocation of points, and the developers may appeal and have a panel review the LHC decision. Thereafter, the scores are finalized, projects are ranked, and top ranking projects are awarded tax credits by the LHC Board of Commissioners ("Board"). Tax credits that are either not awarded or are subsequently retracted (because of a developer's failure to comply with the QAP) are re-allocated to other developers until the QAP for the next year is approved, in which case the tax credits are rolled over to the next QAP.

*Id.*, 2016 WL 759121 at *1.

3

### C.  The Plaintiffs' General Allegations

Plaintiffs allege that in 2013, the LHC issued a request for proposals to developers to participate in a "competitive 2014 Housing Tax Credit Round, pursuant to HUD and Treasury Regulations and constructs." (Doc. 1 at 5.)  In connection with this, the LHC developed and implemented a selection criteria used to score all applications. These scores would be used to rate the developers pursuant to the Qualified Application Plan (QAP).  (*Id.*)  Plaintiff claims that, during this process, Tombar and Foster "were effectively running the LHC and were in charge of implementing the QAP and making the awards." (*Id.*)

Plaintiff submitted a proposal seeking housing tax credits, home funds, CBDG funds, and other grants for the Rowan Court Subdivision. (*Id.*) LHC's staff reviewed the proposal and gave Rowan a score of 122 based upon the selection criteria. (*Id.*)  LHC sent Rowan a letter with this rating. (*Id.*)

Rowan "objected to the rating as being arbitrary and capricious in the way points were allocated to its application and other applications and submitted a 10 Day Challenge Letter." (*Id.*) Rowan claims that, on November 26, 2013, "Plaintiff was notified that the Defendant [LHC] had arbitrarily refused to allocate it any additional points in order to increase its ratings." (*Id.* at 6.)

Plaintiff claims that it brought this suit to prevent the LHC "from allocating any 2014, 2015, or 2016 housing tax credits or GAP Funding paid for by the U.S. taxpayers and the disbursement of GAP Funding or Home Funds or CDBG Funds for the two illegally awarded projects where $20 million dollars of taxpayer money was arbitrarily and capriciously awarded to two projects [(Sycamore Point #2014-C-008 and Trinity Estates Project # 2014-TC-006)] which were submitted as being in the City of Richwood, Louisiana, when they were not." (*Id.* at 6.)  Plaintiffs base this on the sworn testimony of an engineer. (*Id.*; Doc. 1-2.)

4

Plaintiff "is seeking a declaratory judgment and injunctive relief to prevent the State Defendants from allocating any remaining 2014, 2015, and/or 2016 Housing Tax Credits and/or Home Funds, CBDG Funds, GAP Funds, and other types of grants before a final resolution of this litigation." (*Id.*)  Plaintiffs claim that "Tombar and Foster were in charge of these final decisions and despite personal knowledge of the location" overruled Plaintiff's appeals and arbitrarily and capriciously made the awards to "reward the 'Chosen Few.' " (*Id.* at 6-7.)

### C. State Court Procedural History

Rowan initially filed suit against the LHC in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana on December 6, 2013, seeking injunctive and declaratory relief. (Doc. 19-1 at 1-2.) Rowan was the sole plaintiff and only named the LHC as defendant.[1] (*Id.* at 2.) The state court petition sought to enjoin the LHC from awarding 2014 affordable housing tax credits. (*Id.*) Though a hearing on the preliminary injunction was scheduled for December 11, 2013, Rowan did not appear. (*Id.*) Rowan rescheduled this appearance for March 18, 2014, but requested a continuance to April 24, 2014. However, Rowan also failed to appear at the April hearing. (*Id.*)

On March 10, 2015, Rowan again requested a hearing for injunctive relief. (*Id.*) The hearing was set for March 20, 2015. (*Id.* at 2-3.) In response, the LHC filed a motion to dismiss Rowan's complaint, arguing that because the 2014 tax credits had since been awarded, Rowan's claims were moot. (*Id.* at 3) LHC's motion to dismiss was also set for hearing on March 20th.

---

[1] The Court will take judicial notice of the state court proceeding as it is a matter of public record. *See United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). The relevant state district court documents (state petition, district court docket report, and judgment of dismissal) were obtained from the records of the clerk's office of the 19th Judicial District Court, Parish of Louisiana. The Court has compared these relevant public filings to those documents submitted by the State Defendants with James Wendall Clark's affidavit (See Doc. 19-2--19-5), and they are the same. For ease of reference, all citations to these documents will be to those submitted with the affidavit. Additionally, the Louisiana appellate court and Supreme Court decisions were obtained on Westlaw. *See Rowan Ct. Subdivision 2013 Ltd. P'ship v. La. Housing Corp.*, 2015-1212, (La. App. 1 Cir. 2/24/16); 2016 WL 759121, *3, *writ denied*, 2016-0591 (La. 5/20/16); 191 So. 3d 1067.

(*Id.*) Following the hearing, the district court granted the motion and dismissed Rowan's claims as moot. The judgment was signed on April 9, 2015. (*Id.*)

Rowan filed a notice of appeal on June 18, 2015.[2] (*Id.*) Appellate argument was held before the First Circuit Court of Appeal for the State of Louisiana on January 13, 2016.[3] (*Id.*) The court of appeal affirmed the dismissal of Rowan's claims on February 24, 2016. (*Id.*) On March 28, 2016, Rowan filed for supervisory writs before the Louisiana Supreme Court, and such writs were denied. (*Id.*; *Rowan Ct. Subdivision 2013 Ltd. P'ship v. La. Housing Corp.*, 2016-0591 (La. 5/20/16); 191 So. 3d 1067.)

## II.     Rule 12(b)(6) Standard

In *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014), the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S. Ct. at 346-47 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to inter [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

---

[2] In fact, the state court petition is very similar to the complaint filed by Rowan and John Does in this Court. The majority appears to have been restated identically in the complaint.

[3] Plaintiffs filed the instant action with this Court on December 31, 2015, before the state appellate court hearing.

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556, 127 S. Ct.1 955, 1965 (2007)).

> Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 555 U.S. at 556. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 555 U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3

(W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that all well-pleaded facts are taken as true and

viewed in the light most favorable to the plaintiff.  The task of the Court is not to decide if the

plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been

asserted. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502-03 (5th Cir. 2014).

## III.    Summary of Analysis

The State Defendants attack the Plaintiffs' claims on several grounds. First, the State

Defendants argue that Rowan's claims are barred by res judicata. Second, the State Defendants

maintain that Rowan's claim are moot. Third, State Defendant's assert that Plaintiffs have failed

to join a party required under Fed. R. Civ. P. 19.  State Defendants additionally argue that they are entitled to a stay of this proceeding until Plaintiffs exhaust their state appeals.

Having carefully considered the record, the law, and the arguments of the parties, the Court grants the State Defendants' motion to dismiss.  Preliminarily, because the related state court judgment was not a "final" judgment on the merits, Rowan's claims are not barred by res judicata.

However, Rowan's claims for the 2014 tax credits are dismissed as moot because those credits were allocated to other developers or rolled over to the 2015 QAP pursuant to 26 U.S.C. § 42(h)(3)(D).  Thus, these credits can no longer be awarded.

Further, Rowan has failed to state a claim for the 2015 and 2016 tax credits.  In short, each of Rowan's claims fails because Rowan never pled that it applied for the 2015 or 2016 tax credits.  Thus, Rowan has no claim to the relief sought.

Nevertheless, the Court will grant Rowan leave to amend its complaint to cure the above deficiencies.  But, the Court strongly cautions Rowan of its obligations under Rule 11 of the Federal Rules of Civil Procedure.

The State Defendants did not seek dismissal of the claims asserted by the John Doe Plaintiffs.  Accordingly, the Court declines to dismiss these claims.

Moreover, the Court denies the State Defendants' remaining motions.  The Court declines to either grant the motion to dismiss for failure to join a party required by rule 19 or compel the joinder of the necessary parties because the State Defendants have failed to show these parties are subject to service of process. Additionally, the State Defendants sought to stay these proceedings until the state court proceedings were complete.  But, the state court proceedings have now concluded, so there is no reason to grant the stay.  This motion is thus denied.

## IV.   Parties' Arguments

State Defendants argue that Plaintiffs' claims fail for several reasons. First, State Defendants allege that the claims against LHC are barred by res judicata. Rowan "asserted the same operative facts and law and sought the same relief" in a case filed in Louisiana district court. (Doc. 19 at 2.) As this case was subject to a final dismissal that was affirmed by a state appellate court, Rowan cannot bring the same allegations before this Court. Plaintiffs respond by stating that the parties are not the same due to the addition of Tombar and Foster; therefore, the case cannot be res judicata. (Doc. 27 at 8.)

Second, State Defendants argue that Plaintiffs' claims against them are moot. Plaintiffs "seek declaratory and injunctive relief against LHC relative to the award of the 2014 tax credits." (Doc. 19 at 3.) Because the 2014 credits have been allocated, the requested relief is no longer available. Plaintiffs counters by arguing that the State Defendants "completely missed the point of the action in their Motion to Dismiss.  This is not about mootness[;] this is about how to steal $20 million dollars from the taxpayers of the U.S." (Doc. 27 at 3.)  Plaintiffs further urge this Court that the choice is clear as "[t]he LHC, robbed the bank and stole the money, and put it in another bank so we don't have to give it back." (*Id*.) Plaintiffs do not address the fact that the relief sought is no longer available.

Third, State Defendants move to require the Plaintiffs join as parties the owners of the projects that were awarded the tax credits. (Doc. 19 at 3.) Because the Plaintiffs seek to have the award of those credits declared null and then awarded to Rowan, the owners of the projects have a substantial interest in this action. The rights of these parties will clearly be affected; thus, relief cannot be granted in their absence. (Id.) Plaintiffs respond by stating that "it is ironic that this defense was never raised in the state court action." (Doc. 27 at 9.) Plaintiffs argue that they "have

no quarrels" with the owners of the other projects because "[t]hey were clever" in "submitting fraudulent and false documents to win their $20 million dollars awards from the LHC." (*Id.*) As their quarrel is only with "the LHC who purposely and intentionally violated the HUD Rules and Regulations to make awards to the 'Chosen Few' while punishing Rowan for daring to protest" there is no need to join other parties. (*Id.*)

## V.   Claims by Rowen

### A.  Res Judicata

The Supreme Court has held that, "under the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, 106 S. Ct. 768, 88 L. Ed. 2d 877 (1986); 28 U.S.C. § 1738. Federal Courts may not apply their own rules of res judicata, but are instead compelled "to accept the rules chosen by the State from which the judgment is taken." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982).

Louisiana Revised Statutes, Title 13, Section 4231 sets forth the statutory rules governing res judicata in Louisiana.  Section 4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment;
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action;

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana law of res judicata provides for both claim preclusion and issue preclusion. La. Rev. Stat. Ann. § 13:4231, cmt. (b)(1990). Claim preclusion precludes multiple actions arising from the same transaction or occurrence, while issue preclusion precludes relitigation of issues actually adjudicated and essential to the judgment in a prior suit between the parties on a different cause of action. La. Rev. Stat. Ann. § 13:4231, cmt. (a)(1990); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000) (citing *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978)).

Five elements must be met for a claim to be barred by res judicata under Louisiana law:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 02–1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053.  Concerning the second element, "for purposes of [La. Rev. Stat. Ann. §] 13:4231, a final judgment is one that disposes of the merits in whole or in part." *Id.* (citing La. Rev. Stat. Ann § 13:4231, cmt. (d) (1990)).

In sum, the State Defendants have failed to demonstrate a final judgment on the merits. The state court judgment relied upon by the State Defendants was rendered on the issue of mootness.  Under Louisiana law, this is not a judgment on the merits.  As a result, the Court finds that res judicata does not bar Rowan's action.

The Fifth Circuit decision of *Swindle v. Livingston Parish School Board*, 655 F.3d 386 (5th Cir. 2011) is directly on point for this issue.  *Swindle* involved a student who was expelled

from school for the remainder of the 2005-2006 school year.  655 F.3d at 388-90.  Although the

Livingston Parish School Board and Superintendent allowed the student to be readmitted at the

start of the 2006-2007 school year, they required her to reenter as an eighth grader and repeat her

eighth grade year rather than enter as a ninth grader with her former classmates. *Id.* at 390-91.

In June 2006, the student's parents "filed suit in state court seeking injunctive relief

against Defendants related to [the student's] readmission" to the high school. *Id.* at 391 (citing

*B.W.S., Jr. v. Livingston Parish Sch. Bd.*, 2007-0137 (La. App. 1 Cir. 4/4/07); 960 So. 2d 997,

998).  On February 15, 2007, the Louisiana trial court denied the parents' request for injunctive

relief.  *Id.* (citing *B.W.S., Jr.*, 960 So. 2d at 998).  The parents appealed. *Id.*  The Louisiana

Court of Appeal for the First Circuit held on April 4, 2007, that the case was moot because "the

remedy of allowing the child to attend the ninth grade at this late date provides her with no relief

as there are [now] less than 65 days left in the school year." *Id.* (quoting *B.W.S., Jr.*, 960 So.2d at

1002).

The parents latter filed suit for damages in federal court alleging violations of the

student's procedural and substantive due process rights and her right to equal protection. *Id.*  The

district court dismissed the parents' claims on summary judgment. *Id.*

On appeal, the Fifth Circuit analyzed whether the federal suit was barred by res judicata.

*Id.* at 399-400.  The Fifth Circuit held that it was not, explaining:

> Res judicata requires that there have been a "prior action [that] was concluded by
> a final judgment on the merits." *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d
> 559, 571 (5th Cir. 2005). We look to state law to determine whether a prior state
> court judgment was final. *See Blanchard 1986, Ltd. v. Park Plantation, LLC,* 553
> F.3d 405, 407 n. 8 (5th Cir. 2008). Louisiana law provides that it would "be quite
> incongruous to declare an entire suit moot and yet give [r]es judicata effect to a
> district court judgment in the moot proceeding." *Randle v. Gallagher,* 169 So.2d
> 224, 226 (La. Ct. App. 4th Cir. 1964). Applying this principle, a Louisiana Court
> of Appeal held that a trial court's judgment, in a case in which a married plaintiff
> sought a separation and obtained an alimony award, was not a final judgment that

would have "[r]es judicata effect" on subsequent alimony determinations. *Id.*
While the original case "was pending [before the state supreme court], defendant
obtained a divorce," and thus the trial court's alimony award became moot. *Id.* at
225. Mootness rendered the original trial court judgment not a final judgment,
even though the Louisiana Supreme Court had denied motions to dismiss that suit,
leaving intact "the judgment of the lower court," including the alimony award. *Id.*
at 226; *see also Randle v. Randle,* 239 La. 646, 119 So.2d 495 (1960) (the
Louisiana Supreme Court decision); *Randle v. Randle,* 144 So.2d 461 (La. Ct.
App. 4th Cir. 1962) (the Louisiana Court of Appeal decision affirming the
alimony award).

The facts of *Randle* are analogous to what occurred in this case. The February 15
judgment of the state trial court "denied [a] mandatory injunction" that Plaintiffs
sought against the LPSB. *B.W.S., Jr. v. Livingston Parish Sch. Bd.,* 960 So.2d
997, 1001 (La.Ct.App. 1st Cir.2007). Plaintiffs appealed that judgment and the
state appellate court denied the writ because "the remedy of allowing the child to
attend the ninth grade at this late date provides her with no relief." *Id.* at 1002. In
other words, the case was held to be moot. Therefore, under Louisiana law, the
judgment of the trial court is not a final judgment that has a preclusive effect
against claims not raised in that proceeding.

*Id.*

*Swindle* is directly on point.  As in *Swindle*, Rowan sought a preliminary injunction

against LHC, and, as in *Swindle*, the Louisiana court determined that the action was moot.  *See*

*Rowan Court Subdivision 2013 Ltd. P'ship v. Louisiana Hous. Agency*, 2015-1212 (La. App. 1

Cir. 2/24/16); 2016 WL 759121, at *2-3, *writ denied*, 2016-0591 (La. 5/20/16); 191 So. 3d 1067.

As a result, under *Swindle*, the state court action was not a final judgment on the merits for

purposes of res judicata and thus does not bar this federal action.  Consequently, the Court denies

LHC's motion to dismiss on this issue.

## B.  Mootness

Mootness is related to standing; "[t]he requisite personal interest that must exist at the

commencement of litigation (standing) must continue throughout its existence (mootness).'" *Ctr.*

*For Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) (quoting *U.S. Parole*

*Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980)). When a case

is rendered moot, a federal court no longer has constitutional authority to resolve the issues presented. *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004).

"Any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "As long as the parties maintain a 'concrete interest in the outcome' and effective relief is available to remedy the effect of the violation" a case should not be declared moot. *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). However, a case will become moot when the adverse parties do not have sufficient legal interests to maintain the litigation or when the parties no longer have a "legally cognizable interest in the outcome" of the litigation. *In re Scruggs*, 392 F.3d at 128. As the Supreme Court noted, "it is not enough that a dispute was very much alive when the suit was filed; . . . [t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) (citations and internal quotation marks omitted). "If a dispute has been settled or resolved, or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Matter of S.L.E., Inc.*, 674 F.2d 359 (5th Cir. 1982). When injunctive relief is sought, the claim generally becomes moot upon the happening of the event. *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 2004).

For the same reasons articulated in the related state court suit, the Court finds that Rowan's claims regarding the 2014 tax credits are moot. This Court cannot provide Rowan with injunctive relief, even if it was so entitled, because the tax credits are no longer available. Even if Rowan could establish that it was entitled to more points under the QAP, there are now no 2014 tax credits available to be allocated because those credits were allocated to other developers or rolled over to the 2015 QAP pursuant to 26 U.S.C. § 42(h)(3)(D). *See also Rowan Ct.*

14

*Subdivision 2013 Ltd. P'ship v. La. Housing Corp.*, 2015-1212, (La. App. 1 Cir. 2/24/16); 2016 WL 759121, *3.  Accordingly, Rowan's claims against LHC pertaining to the 2014 tax credits are dismissed.

However, the Court declines to dismiss Rowan's claims for the 2015 and 2016 tax credits on the issue of mootness.  There is no allegation in the Complaint or evidence in the record indicating that these tax credits have or have not been awarded.  The parties also presented conflicting information on this issue at oral argument.  Thus, the Court cannot determine at this time whether the Plaintiffs' claims for the 2015 and 2016 tax credits are moot.

### C.  Failure to State a Claim Upon Which Relief Can Be Granted

The State Defendants also seek dismissal on Rule 12(b)(6) grounds.  They contend (1) that the prayer for relief does not address them and (2) that the Plaintiffs have failed to allege that they applied for the 2015 and 2016 tax credits.

The Court disagrees with the State Defendants' first argument.  In the Complaint, the Plaintiffs pray for, among other things, the following:

> That the defendant be duly cited to appear and answer this petition and that after due proceedings had, judgment be rendered herein in favor of the plaintiffs, ROWAN COURT SUBDIVISION 2013 LIMITED PARTNERSHIP and against the defendants, LOUISIANA HOUSING CORPORATION, FREDERICK TOMBAR, III decreeing that Mayson Foster and the LOUISIANA HOUSING COPORATION BOARD OF DIRECTORS be enjoined and restrained from issuing any further tax credit allocations or and any Home Funds, CBDG Funds, GAP Funds, and any other types of taxpayer funded grants to any projects which were illegally awarded as being located in the City of Richwood until this matter can be finally resolved and enjoined from issuing any of the $20 Million Dollars for projects which were illegally and void ab initio at the time they were awarded[.]

(Doc. 1 at 13.)  Construing the allegations in a light most favorable to the Plaintiffs, the Court finds that Plaintiffs have made a prayer for relief against the State Defendants.

Nevertheless, the State Defendants' second argument has merit.  There are no allegations in the Complaint indicating that Rowan applied for 2015 and 2016 tax credits.[4]  This appears fatal to each of Rowan's claims.

First, as the Court detailed in its August 11, 2016, Ruling and Order (Doc. 48) on the Federal Defendants' motion to dismiss, "[p]rocedural due process guarantees do not protect all imaginable private interests affected by government action but only the liberty and property interests encompassed by the fifth amendment." *McCachren v. U.S. Dep't of Agric. Farmers Home Admin.*, 599 F.2d 655, 656 (5th Cir. 1979).  Several courts have analyzed due process challenges involving the federal tax credits at issue, and these Courts have agreed that neither the federal statute creating the tax credit, 26 U.S.C. § 42, nor the relevant state laws create for developers a constitutional entitlement to unawarded tax credits. *See DeHarder Inv. Corp. v. Ind. Hous. Fin. Auth.*, 909 F. Supp. 606 (S.D. Ind. 1995); *Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.*, 246 F.3d 1 (1st Cir. 2001).  If Rowan lacks a property interest in credits for which it applied but did not receive, then it certainly lacks a property interest in credits for which it did not even apply. Thus, the due process claim is dismissed.

Second, "[t]o demonstrate a violation of the Equal Protection Clause, a plaintiff must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *B.A. v. Mississippi High Sch. Activities Association, Inc.*, 983 F. Supp. 2d 857, 863-64 (N.D. Miss. 2013) (citations omitted).  The Plaintiffs must also prove that the challenged conduct fails the rational basis test. *Id.* (citations omitted).  The Court cannot

---

[4] At oral argument, the parties presented conflicting versions of what happened; counsel for Rowan indicated that it did apply for the credits while counsel for the State Defendants indicated that Rowan did not.  The Court will base its decision on the allegations of the Complaint and not on what was represented at oral argument.

conclude that Rowan satisfied any of these requirements with respect to tax credits for which it did not apply.  This claim is also dismissed.

Fourth, with respect to Rowan's negligence claim, Rowan has done nothing to establish that the State Defendants owed it a duty for credits that were unawarded and for which Rowan did not apply.  Thus, Rowan's negligence claim is dismissed.

And fifth, Rowan's remaining state law claims fail.  Rowan has done nothing to demonstrate that they stated a claim under Article 2, Section 1 of the Louisiana Constitution, which deals with the separation of powers.  Plaintiffs also attempt to recover under La. Civ. Code art. 1967, which deals with detrimental reliance.  However, a detrimental reliance claim requires the following elements: "(1) a representation by conduct or word; (2) made in such a manner that the promisor should have expected the promisee to rely upon it; (3) justifiable reliance by the promisee; and (4) a change in position to the promisee's detriment because of the reliance." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007) (citing *Suire v. Lafayette City–Parish Consol. Government*, 04–1459 (La.4/12/05), 907 So.2d 37, 59)).  Here, there is no allegation of any representation by the State defendant with respect to the 2015 and 2016 tax credits.  As a result, the detrimental reliance claim also fails.

In sum, Rowan has failed to state any claim against the State Defendants for the 2015 and 2016 tax credits.  Accordingly, these claims are dismissed.

### D.  Leave to Amend

To summarize, the Court has dismissed Rowan's claims against the States Defendants for the 2014 tax credits on the ground of mootness and for the 2015 and 2016 tax credits on the grounds that there is no allegation that Rowan applied for these credits.  The Court must now

17

decide whether to grant Rowan leave to amend its Complaint to assert claims against the State

Defendants.

The Court will do so.  "[A] court ordinarily should not dismiss the complaint except after

affording every opportunity to the plaintiff to state a claim upon which relief might be granted."

*Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955).  The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to
> decide cases on the merits rather than on the sufficiency of pleadings, district
> courts often afford plaintiffs at least one opportunity to cure pleading deficiencies
> before dismissing a case, unless it is clear that the defects are incurable or the
> plaintiffs advise the court that they are unwilling or unable to amend in a manner
> that will avoid dismissal.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Relying on *Great Plains* and other cases from this circuit, one district court in Texas articulated

the standard as follows:

> When a complaint fails to state a claim, the court should generally give the
> plaintiff at least one chance to amend before dismissing the action with prejudice
> unless it is clear that the defects in the complaint are incurable. *See Great Plains
> Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir.
> 2002); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.,* 363
> F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and
> outright refusal to grant leave to amend without a justification . . . is considered an
> abuse of discretion.") (internal citation omitted). However, a court may deny
> leave to amend a complaint if the court determines that "the proposed change
> clearly is frivolous or advances a claim or defense that is legally insufficient on its
> face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice
> and Procedure § 1487 (2d ed.1990) (footnote omitted); *see also Martin's Herend
> Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.,* 195 F.3d 765,
> 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a
> motion to amend that is frivolous or futile.") (footnote omitted).

*Tow v. Amegy Bank N.A.*, 498 B.R. 757, 765 (S.D. Tex. 2013).  Finally, one leading treatise

explained:

> As the numerous case[s] . . . make clear, dismissal under Rule 12(b)(6) generally
> is not immediately final or on the merits because the district court normally will
> give the plaintiff leave to file an amended complaint to see if the shortcomings of
> the original document can be corrected. The federal rule policy of deciding cases

on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

5B Charles A. Wright, Arthur R. Miller, *et al.*, *Federal Practice and Procedure* § 1357 (3d ed. 2016).

Here, the Plaintiffs requested at oral argument leave to amend their Complaint to cure any deficiencies. The Court will act in accordance with the "wise judicial practice" and general rule and grant the Plaintiffs' request.

Nevertheless, the Court must warn Rowan of its obligations under Rule 11 of the Federal Rules of Civil Procedure. By submitting an amended complaint to the Court, counsel for the Plaintiffs is certifying that, to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[] . . . the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The Court again warns Rowan that it will enforce this rule should Rowan violate it in subsequent filings.

## VI.   Claims by John Does

The State Defendants have only moved to dismiss the claims against them that were asserted by Rowan. The State Defendants do not address the claims asserted against them by the John Doe Plaintiffs. As the State Defendants do not direct any portion of their motions or

arguments toward the John Doe Plaintiffs, the Court declines to dismiss any claims by these Plaintiffs against the State Defendants at this time.[5]

## VII.    Failure to Join a Party under Rule 19

Federal Rule of Civil Procedure 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. Fed. R. Civ. P. 19; *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ("The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be thereby requiring joinder." (citations omitted)).

The first step is to determine if the absent parties fall within the scope of the rule. Rule 19(a)(1) defines who is required to be joined; those requirements will be set forth below.  If an absentee meets the requirements set forth by Rule 19(a)(1), the court is compelled by Rule 19(a)(2) to join these parties and deny the motion to dismiss. Fed. R. Civ. P. 19(a).  However, if an absentee does not meet the requirements of Rule 19(a)(1), generally because joinder would destroy diversity or the court lacks personal jurisdiction over the party, only then will the court move to Rule 19(b). *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 635 (7th Cir. 2009). Even then, dismissal is not automatic. *Id*. Instead, the court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

---

[5] The Court notes that it found persuasive the Federal Defendants' argument that the John Doe Plaintiffs lacked standing because they have failed to satisfy the requirements for standing as taxpayers or citizens.  However, because this issue was not raised, the Court declines to dismiss on this ground.

Thus, this Court must determine whether the awardees of the tax credits, Trinity Estates and Sycamore Point (collectively, "Awardees"), are required to be joined under Rule 19(a)(1). This section provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Here, the Court the Awardees satisfy some of the requirements of Rule 19(a)(1). According to the allegations of the pleadings, the two absent parties presented fraudulent information to the LHC in order to obtain the 2014 tax credits. (Doc. 27 at 9.) Rowan suggests that it would have been awarded the credits if the Awardees had not received the credits through favoritism and fraudulent information. (*Id.*) Rowan seeks to have the awards made to these companies declared null and then have those funds provided to Rowan. According to the State Defendants, the Awardees have acted on the tax credits provided by the LHC and have invested "substantial resources in moving forward with their developments." (Doc. 19-1 at 16.) As such, Awardees have a property interest in the awards that were granted to them by the LHC. Thus, the Awardees likely satisfy the requirements of Rule 19(a)(1)(B)(ii); they "claim[] an interest

related to the subject of the action and [are] so situated that disposing of the action in [their] absence may[] . . . as a practical matter impair or impede [their] ability to protect the interest."

However, Rule 19 only requires the Awardees to be joined if they are "subject to service of process and [their] joinder will not deprive the court of subject-matter jurisdiction." *See* Fed. R. Civ. P. 19(a)(1).   Concerning the latter, the joinder of the Awardees will not deprive the Court of subject-matter jurisdiction.  The Plaintiffs' claims are before this Court pursuant to 28 U.S.C. § 1331 as a matter of federal question; therefore, diversity of the parties is not an issue that will destroy jurisdiction.  However, the State Defendants have failed to provide the Court with the true names of the Awardees.  Thus, the Court cannot determine if the Awardees are subject to service of process in a judicial district of the United States. *See* Fed. R. Civ. P. 4(h).

Consequently, while the Awardees may be persons required to be joined under Rule 19(a)(1), the Court cannot definitively make this determination at this time.  If the necessary information is supplied and the Awardees are subject to service of process, the Court is compelled to join them as parties and proceed with the litigation, denying the motion to dismiss. However, if Awardees are not subject to service of process, the Court must examine the factors outlined in Rule 19(b) to determine if the action can proceed in equity and good conscious without the Awardees. If the action cannot proceed among the existing parties, it will be dismissed. Accordingly, at this time, State Defendants' motion to dismiss for failure to join necessary parties under Rule 19 is denied without prejudice.

**VIII.   Request for Stay**

The State Defendants have requested that this Court stay these proceedings pending Rowan's appeal to the Louisiana Supreme Court. Subsequent to the filing of this motion, the state court proceedings were resolved. The Louisiana Supreme Court denied Rowan's petition

for a writ of certiorari on May 20, 2016. *See Rowan Ct. Subdivision 2013 Ltd. P'ship v. La. Housing Agency*, 2016-591 (La. 05/20/16); 191 So. 3d 1067. A stay is no longer necessary since Rowan has exhausted all available appeals. Accordingly, Plaintiffs' request to stay proceedings is denied with prejudice.

### IX.     Conclusion

**IT IS ORDERED** that the Rule 12 Motions to Dismiss and Alternative Relief (Doc. 19) filed by the Louisiana Housing Corporation, Mayson Foster, and Frederick Tombar (collectively, the "State Defendants") are **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Rowan's claims against the State Defendants for the 2014, 2015, and 2016 tax credits are **DISMISSED WITHOUT PREJUDICE.**   Rowan shall have twenty-one (21) days from the issuance of this ruling to cure the deficiencies in their Complaint.  Failure to do so will result in the dismissal of these claims with prejudice;

**IT IS FURTHER ORDERED** that the State Defendants' Motion to Dismiss for Failure to Join a Party required under Rule 19 is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that, in all other respects, the State Defendants' motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>August 17, 2016</u>.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**